UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL MORRIS, | ) | No. CV 15-823 JAK (FFM) |
| | ) | |
| Petitioner, | ) | ORDER RE SUMMARY |
| vs. | ) | DISMISSAL OF ACTION WITHOUT |
| | ) | PREJUDICE |
| JOHN SOTO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On or about January 11, 2015, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein.  The Petition challenges a 2012 conviction and sentence.

Respondent filed a motion to dismiss the Petition on the ground that petitioner's direct appeal and a state habeas petition for writ of habeas corpus are pending.  The Court offered petitioner an opportunity to oppose the motion to dismiss, but he failed to file any opposition by the June 18, 2015 due date or any time thereafter.

In support of the motion, respondent has lodged documents demonstrating that petitioner filed an appeal from the trial court's resentencing order on March 25, 2015 (Lodged Doc. 10) and a petition for writ of habeas corpus with the California Court of Appeal on April 16, 2015 (Lodged Doc. 11).

/ / /

1    As a matter of comity, a federal court will not entertain a habeas corpus

2    petition unless the petitioner has exhausted the available state judicial remedies on

3    every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102

4    S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides

5    that a habeas petition brought by a person in state custody "shall not be granted

6    unless it appears that -- (A) the applicant has exhausted the remedies available in

7    the courts of the State; or (B)(i) there is an absence of available State corrective

8    process; or (ii) circumstances exist that render such process ineffective to protect

9    the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion

10   requirement is to be waived, it must be waived expressly by the State, through

11   counsel. *See* 28 U.S.C. § 2254(b)(3).

12   Exhaustion requires that the prisoner's contentions be fairly presented to the

13   state courts, and be disposed of on the merits by the highest court of the state.

14   *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly

15   presented unless the prisoner has described in the state court proceedings both the

16   operative facts and the federal legal theory on which his claim is based. *See*

17   *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865

18   (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

19   (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may

20   raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that

21   ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);

22   *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also*

23   *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119

24   (1987).

25   Because petitioner's direct appeal is currently pending in the California

26   Court of Appeal, the exhaustion issue here is governed by the Ninth Circuit's

27   holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983).

28   There, the petitioner was seeking habeas relief on the ground that he had been

denied his right to appointed counsel and free transcripts.  Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition.  The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> [E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c).  When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending.  *See, e.g., Lockhart v. Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL 906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL 3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1 (N.D. Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007).

/ / /

/ / /

1      Therefore, the Petition is subject to dismissal.  Petitioner filed his now

2 pending appeal and habeas petition in the California Court of Appeal within the

3 past few months.  Therefore, the instant, unexhausted, Petition has been filed

4 prematurely in this Court.  Petitioner may file a fully exhausted petition

5 containing his claims after the state courts decide petitioner's pending claims.

6      IT IS THEREFORE ORDERED that this action be summarily dismissed

7 without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

8 in the United States District Courts.

9      LET JUDGMENT BE ENTERED ACCORDINGLY.

11 Dated: 8/11/15

                                      _____

                                      JOHN A. KRONSTADT
                                  United States District Judge

16 Presented by:

18   /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
19   United States Magistrate Judge

4